IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AJAY GLASS & MIRROR CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-151 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| TAKTL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion for Leave to File First Amended Counterclaim (hereinafter "Motion to Amend," Doc. 28) of Defendant Taktl, LLC ("Taktl" or "Defendant") and the Response in Opposition (hereinafter "Plaintiff's Response," Doc. 31) of Plaintiff Ajay Glass & Mirror Co., Inc. ("Ajay" or "Plaintiff"). For the reasons that follow, Defendant's Motion to Amend will be **DENIED**.

**I. MEMORANDUM**

**A. BACKGROUND**

This dispute arises out of the parties' relationship during the construction of a new athletic facility at Colgate University in Hamilton, New York. (Plaintiff's Complaint, hereinafter "Complaint," at ¶ 3, Doc. 1-5.) Plaintiff's Complaint, which was removed to this Court on December 7, 2017, alleges Plaintiff is a subcontractor on the construction project, and purchased materials, primarily fiber cement panels, from Defendant. (Id. at ¶¶ 4–5.) Plaintiff originally contracted to purchase $580,086.00 of materials from Defendant, but approved change orders and extras during construction raised the amount to $659,757.78. (Id. at ¶¶ 5–6.) While a

relatively small amount remains due to Defendant under the parties' contract, Plaintiff has sued for additional costs and damages totaling $266,852.35 it allegedly incurred in light of Defendant's deficient performance. (Id. at ¶¶ 5–6.)

Defendant filed an Answer on February 27, 2018 (hereinafter "Answer," Doc. 15). Defendant's Answer included a straightforward counterclaim for the amount remaining due to Defendant under the parties' contract. (Answer at 3–5.) Plaintiff answered this counterclaim on March 20, 2018. (Doc. 18.) Months later, on May 1, 2018, the parties participated in an initial case management conference with the Court. (Doc. 24.) Following this conference, the Court issued a case management order, which set the deadlines for the case, including a deadline of June 29, 2018, by which the parties were required to file any motion to amend the pleadings. (Doc. 25.) Neither party filed a motion to amend by such date.

On July 26, 2018, the parties participated in a mediation, but were unable to settle the case. (Doc. 27.) The parties did not engage in "any discovery whatsoever" before the mediation. (Brief in Support of Motion to Amend, hereinafter "Defendant's Brief," at 3, Doc. 29.) Following the parties' unsuccessful efforts to resolve the case, Defendant filed its Motion to Amend. In support of its Motion, Defendant argues that leave to file its amendment is warranted because it exhibited no undue delay or bad faith in seeking amendment, there is no prejudice to Plaintiff, and its proposed amendment seeks only to add a new category of damages. (Defendant's Brief at 5–6.) Defendant also represents that it did not seek to amend earlier in the case because it believed the case would be more likely to settle at mediation without the additional allegations. (Id. at 6.)

In opposition, Plaintiff offered the affidavit of its Project Manager, David Muth, ("Mr. Muth") (hereinafter "Muth Affidavit," Doc. 30) as well as Plaintiff's Response. Mr. Muth stated

that Defendant was proactive about obtaining change orders during the construction project, that Defendant's work was complete as of October 2016, and that the proposed amendments are different in kind than those Defendant raised to date. (Muth Affidavit at ¶¶ 10–14.) Mr. Muth's testimony is that Defendant's mediation statement included the additional expenses it seeks leave to add. (Id. at ¶¶ 7–8.) Plaintiff's Response states that Defendant did not recently discover the facts upon which its proposed amendments are based and therefore it cannot establish good cause. (Plaintiff's Response at 2–3.) Further, Plaintiff argues Defendant's delay was undue and amendment would result in prejudice. (Id. at 4–5.)

### B. ANALYSIS

While a motion to amend the pleadings is usually analyzed under Federal Rule of Civil Procedure ("Rule") 15, when such motion is filed after a deadline set by the Court, the heightened standard of Rule 16 applies. Hawkins v. West Penn Allegheny Health Sys., No. 13-1334, 2014 WL 5803112, at *2–3 (W.D. Pa. Nov. 7, 2014) (Bissoon, J.); Componentone, L.L.C. v. Componentart, Inc., No. 05-1122, 2007 WL 2580635, at *1–2 (W.D. Pa. Aug. 16, 2007) (collecting cases of seven Courts of Appeals). Under Rule 16, a deadline set by a case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether good cause exists "hinges to a large extent on the diligence, or lack thereof, of the moving party." Lasermaster Int'l Inc. v. Netherlands Ins. Co., No. 15-7614, 2018 WL 1891474, at *3 (D.N.J. Apr. 20, 2018); see also Chancellor v. Pottsgrove School Dist., 507 F.Supp.2d 695, 701–02 (E.D. Pa. 2007) ("Absent diligence, there is no 'good cause.'").

Where a party seeking to amend possessed the facts underlying the amendment prior to expiration the case management order's deadline, courts in this Circuit have determined there is no good cause for granting leave to amend the pleadings. See, e.g., Lasermaster, 2018

WL1891474, at *7; Velto v. Reliance Standard Life Ins. Co., No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011); Componentone, 2007 WL 2580635, at *2; Chancellor, 507 F. Supp. 2d at 703. Furthermore, under such circumstances, the Third Circuit has found no error in districts courts' denials of leave. E.g., Dimensional Commc'ns, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (no error in district court's adoption of magistrate judge's denial of leave where party seeking amendment was in possession of facts before deadline and delay was undue and prejudicial); Eastern Minerals & Chemicals Co. v. Mahan, 225 F.3d 330, 339–40 (3d Cir. 2000) (finding no abuse of discretion in denying leave to amend where party seeking amendment failed to demonstrate why information was not obtained earlier and, therefore, delay was "unexplained").

Here, it is clear from Defendant's own filing that it possessed the information upon which its amendment is based prior to the expiration of the Court's deadline. In its proposed amended counterclaim (hereinafter "Proposed Counterclaim," Doc. 28-1), Defendant seeks damages it "incurred as a direct and proximate result of Ajay's failure to satisfy its contractual obligations." (Proposed Counterclaim at ¶ 27.) Defendant states that these damages were for additional project drawings, additional castings and excessive visits to the plant where the materials were made due to Plaintiff's deficient performance. (Id. at ¶ 18.) These alleged damages were incurred by the summer of 2016. (Id. at ¶¶ 14–16.) Defendants' work on the project ceased by October 2016. (Muth Affidavit at ¶ 13.) As the parties' contractual relationship—and therefore any damages Defendant could have sustained—concluded years prior to this suit, the Court cannot conclude that Defendant was diligent in pursuing the amended counterclaim. No good cause exists to allow amendment at this juncture.

The Court views with suspicion Defendant's contention that its belief that the case "would be more likely to settle at the mediation without the additional category of damages that could impede settlement" is grounds for a finding of good cause. (Motion to Amend at 6.) A comparison of Mr. Muth's affidavit and Defendant's proposed amended counterclaim reveals that Defendant sought these exact damages for the first time at the mediation, not after it. (Compare Muth Affidavit at ¶ 7, with Proposed Counterclaim at ¶ 18.) Such action by Defendant, appearing at the mediation armed with unpleaded allegations that dramatically increase Plaintiff's potential liability, would make the case substantially less likely to settle.

Furthermore, in this case, the Court agrees with Plaintiff that the allegations in Defendant's proposed amended counterclaim are different in kind from those of its original counterclaim. (Doc. 31 at 4.) Defendant does not seek to "add a new category of damages," but rather, seeks to add a new breach of contract claim. (Motion to Amend at 4; Proposed Counterclaim.) Under the Federal Rules, it was incumbent upon Defendant to assert such a claim in its Answer in the first instance. Fed. R. Civ. P. 13(a)(1). Defendant's strategic decision not to do so—and instead to attempt to use such information at or after mediation—was at its own risk, and Defendant must now bear the consequences of such action under the Rules.[1]

---

[1] Because Defendant cannot demonstrate good cause for amendment under Rule 16, the Court will not analyze its request under Rule 15. Velto, 2011 WL 810550, at *4 ("If the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis.").

5

## II. ORDER

Defendant's Motion for Leave to File First Amended Counterclaim (Doc. 28) is **DENIED**.

IT IS SO ORDERED.

October 16, 2018
s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record